Jorge Soto VEGA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–70868.

United States Court of Appeals, Ninth Circuit.

Submitted May 3, 2006.*

Filed June 2, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jon W. Davidson, Esq., Lambda Legal Defense and Education Fund, Inc., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David Dauenheimer, DOJ—U.S. Department of Justice Civil Division/Torts Branch, Washington, DC, for Respondent.

Before: LAY,** KLEINFELD, and SILVERMAN, Circuit Judges.

## MEMORANDUM ***

Jorge Soto Vega, a native and citizen of Mexico, petitions for review of an order by the Board of Immigration Appeals ("BIA") that affirmed without opinion an Immigration Judge's ("IJ") denial of Soto Vega's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We grant the petition and remand to the BIA.

We have jurisdiction to review a final order from the BIA under the Immigration and Nationality Act ("INA") § 242, 8 U.S.C. § 1252. When the BIA affirms an IJ's decision without opinion, this court reviews the IJ's decision as the final agency determination. *Karouni v. Gonzales*, 399 F.3d 1163, 1170 (9th Cir.2005). "In this posture, we review de novo the IJ's legal conclusions." *Reyes–Reyes v. Ashcroft*, 384 F.3d 782, 786 (9th Cir.2004). To establish eligibility for asylum, a petitioner must show he or she qualifies as a refugee. INA § 208(b), 8 U.S.C. § 1158(b). A refugee is one "who is unable or unwilling to return to ... [his native] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion...." INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). In *Karouni*, this court held that "all alien homosexuals are members of a 'particular social group'" for the purposes of determining refugee status. 399 F.3d at 1172.

At Soto Vega's merits hearing, the IJ found his testimony "essentially credible." The IJ then expressly stated he "believe[d] that the testimony of [Soto Vega] did demonstrate past persecution." However, the IJ went on to state that Soto Vega "*must show* a clear probability that life or freedom would be threatened on account of his membership in this social group" (emphasis added). Once a petitioner has established past persecution, a rebuttable presumption exists that the petitioner has also established a well-founded fear of future persecution. *Wang v. Ashcroft*, 341 F.3d 1015, 1020 (9th Cir.2003). The burden then shifts to the government to rebut the presumption by showing a fundamental

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

change in country circumstances or that the petitioner could reasonably relocate to another part of his native country. *Id.; see* 8 C.F.R. § 208.13(b)(1)(i)(A), (B). Here, the IJ's use of the phrase "must show" indicates the IJ did not afford Soto Vega the benefit of the presumption.[1] We therefore remand to the BIA in order to allow the agency to determine in the first instance whether the government has rebutted the presumption of a well-founded fear of future persecution. *See I.N.S. v. Orlando Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

For these reasons, we GRANT the petition for review and REMAND to the BIA.

---

1. We also note the IJ's statement that Soto Vega must show by "a clear probability" that his "life or freedom would be threatened on account of his membership in this social group" misstated the proper burden of proof for an asylum analysis. The "clear probability" standard applies to withholding, rather than to asylum, which requires only a showing of a reasonable possibility. *Compare* 8 C.F.R. § 208.13(b)(2)(b), *with* § 208.16(b)(2).